756 A.2d 560

**Barney L. BYRUM et ux.**

v.

**Rodney C. HORNING et al.**

**No. 150, Sept. Term, 1999.**

Court of Appeals of Maryland.

July 25, 2000.

Clifford E. Snyder, Jr., Frederick, for petitioners.

Daniel M. Press (Rodney C. and Barbara L. Horning, Stephen C. Wilkinson, on brief), Cumberland, for respondents.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

RODOWSKY, Judge.

We granted certiorari in this matter in order to highlight the amendment to Rule 2–601, "Entry of judgment," that became effective October 1, 1997. 24 Md. Reg., Issue 9, Friday, Apr. 25, 1997, at 650. The amended rule reads as follows (brackets indicate deletions from prior rule; italics indicate additions to prior rule):

"(a) [When Entered] *Prompt Entry—Separate Document*

*"Each judgment shall be set forth on a separate document.* Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith *prepare, sign, and* enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision by the court granting other relief, the [clerk shall enter the judgment as directed by the court] *court shall promptly review the form of the judgment presented and, if approved, sign it, and the clerk shall forthwith enter the judgment as approved · and signed. A judgment is effective only when so set forth and when entered as provided in section (b) of this Rule.* Unless the court orders otherwise, entry of the judgment shall not be delayed pending [a] determination of the amount of costs.

"(b) Method of Entry—Date of Judgment

"The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

"(c) Recording and Indexing

"Promptly after entry, the clerk shall (1) record and index the judgment, except a judgment denying all relief without costs, in the judgment records of the court *and (2) note on the docket the date the clerk sent copies of the judgment in accordance with Rule 1–324."*

This amendment "addresses the need for clear, complete, and precise judgments." Reporter's Note to Proposed Rule 2–601, 23 Md. Reg., Issue 24, Friday, Nov. 22, 1996, at 1667. The history of the rule is set forth in the Reporter's Note, reading in relevant part:

"At the Court conference on the One Hundred Twenty–Seventh Report, there was considerable sentiment that the proposed amendment did not go far enough in the direction of Fed.R.Civ.P. 58 and that the Rules Committee should consider proposing an amendment to Rule 2–601 that would

require each judgment of a circuit court to be set forth on a separate document.

"Accordingly, the proposed amendment to Rule 2–601(a) has been drafted, using language borrowed from Fed. R.Civ.P. 58, with style changes. The amendment provides that a judgment is not effective until it is set forth in writing in accordance with section (a) and is entered as provided in section (b). This comports with current federal practice and with pre–1984 equity practice in Maryland. See *Eberly v. Eberly*, 253 Md. 132, 251 A.2d 900 (1969)."

Federal Rule of Civil Procedure 58 provides in pertinent part:

"Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a) [concerning civil dockets]."

■ The separate document requirement was added to Fed.R.Civ.P. 58 in 1963. The Advisory Committee note of that year explains the amendment as an effort to remedy the

"difficulty [which] has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e.g., 'the plaintiff's motion [for summary judgment] is granted,' see *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 229, 78 S.Ct. 674, [676,] 2 L.Ed.2d 721[, 724] (1958). Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However, where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for postverdict motions and for the purpose of appeal.

"The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate

document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment."
Fed.R.Civ.P. 58 (1963 advisory committee note (citations omitted)).[1]

The dispute in the case before us concerns the use of a right-of-way. The issue on this certiorari review, however, is procedural, so that it is unnecessary to state the facts bearing on the substantive merits. The case was instituted in the Circuit Court for Allegany County in March 1994 by the petitioners, Barney L. and Elizabeth Byrum (the Byrums), against Rodney C. and Barbara L. Horning (the Hornings) and Jack W. Harvey (Harvey). The Byrums acted *pro se* in instituting this action, and more often than not they have proceeded *pro se* through the tangle of this litigation. In April 1994 the Byrums' claim for injunctive relief was denied, and their claim for money damages was deferred for determination at a trial on the merits. The subject action, Civil No. 94–10601, was consolidated with another action, Civil No. 93–10121, which was brought in 1993 and in which the Hornings, as plaintiffs, sought to enjoin the Byrums from blocking the disputed right-of-way.[2]

---

**1.** Under Maryland practice the possibility of the dismissal of an appeal that has been prematurely noted is reduced by Maryland Rule 8–602(d) which reads:

"A notice of appeal filed after the announcement or signing by the trial court of a ruling, decision, order, or judgment but before entry of the ruling, decision, order, or judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket."

This rule, however, will operate only on a ruling, decision, order, or judgment that would constitute a final judgment when entered. *See Jenkins v. Jenkins,* 112 Md.App. 390, 410, 685 A.2d 817, 827 (1996), *cert. denied,* 344 Md. 718, 690 A.2d 524 (1997). Moreover, Rule 8–602(d) "is intended as a saving feature, not a preferred method of appellate practice. Disappointed litigants, and their attorneys, should wait for the entry of the judgment by the clerk before noting an appeal." *Raynor Assocs. v. Baltimore Door & Frame Co.,* 357 Md. 303, 309 n. 4, 744 A.2d 25, 28 n. 4 (2000).

**2.** In No. 94–10601 Harvey also impleaded a third party defendant who impleaded a fourth party defendant, but those impleader claims were

After eight continuances and an unsuccessful appeal by the Byrums, who claimed denial of a right to a jury trial, the consolidated cases went to a bench trial on July 15, 1999. The Byrums did not appear at trial. The court ruled that day, finding in favor of the respondents. That same day the clerk generated entries into the computer-maintained docket of the circuit court. In relevant part the entries read:

> "Judgment entered in favor of the Counter Defendant, Jack Harvey, and against the plaintiffs, the Byrums in the amount of one dollar ($1.00).
>
> . . . .
>
> "Hornings' motion for judgment is granted."

No separate document setting forth the judgment or judgments signed by the clerk (or by the judge) was filed in the court file on that date.

Thereafter, the court signed an undated, separate document in No. 94–10601, titled, "JUDGMENT," and reading in its entirety as follows:

> "The Court having reviewed the file of this case and the matter having been brought to trial on the 15[th] day of July, 1999, the Court on that date granted judgment to Defendant Jack W. Harvey on motion made by him, the Plaintiffs having produced no evidence to support their allegations. Further, the Court on that date entered judgment in favor of Counter–Plaintiff Jack W. Harvey against Counter–Defendants Barney L. Byrum and Elizabeth Byrum on Count I of the Counter–Complaint in the amount of One Dollar ($1.00)."

This separate document was filed by the clerk on August 6, 1999, and entered into the computerized docket on August 9, 1999. The docket entry reads, "Judgment. Copies to the Byrums and counsel for the defendants." Thus, per Rule 2–601(a) judgment was entered in Harvey's favor on the Byrums' claim against him, and, under Rule 2–601(b), the date of

---

dismissed without prejudice in order to have them resolved in a different action.

that judgment was August 9, 1999. There was, however, no final judgment in action No. 94–10601 at that time, because no judgment had been entered on the claim of the Byrums against the Hornings. *See* Rule 2–602(a).

Also after July 15, 1999, the court signed an undated separate document in No. 94–10601, titled, "JUDGEMENT," and reading in relevant part as follows:

"THE COURT having reviewed the file of this case and the matter having been brought to trial on the 15th day of July, 1999, the Court on that date granted judgement to Defendants Rodney C. and Barbara L. Horning, the Plaintiffs having produced no evidence to support their allegations."

This separate document was filed in the court file on August 13, 1999, and entered into the computerized docket on August 16, 1999. Insofar as relevant to No. 94–10601 the docket entry reads, "Judgment is entered in favor of Rodney and Barbara Horning.... Copies mailed to Mr. and Mrs. Bryum [sic]...."

All claims in No. 94–10601 having been adjudicated, the judgment entered on August 16, 1999, constituted final judgment in that action. No post-judgment motions were filed. Consequently, the thirty day period within which to appeal to the Court of Special Appeals is calculated from August 16, 1999.[3] The Byrums noted their appeal to the Court of Special Appeals in No. 94–10601 on August 26, 1999. Hence, the notice of appeal was timely filed.

Nevertheless, the Byrums' appeal was met by motions to dismiss, respectively filed by Harvey and by the Hornings on September 10 and September 17, 1999. They argued that the Byrums' notice of appeal was filed too late. Both motions

---

**3.** Rule 8–202 in part reads, "[T]he notice of appeal shall be filed within 30 days after entry of the judgment." Thus, while the judgment must be entered in order for the appeal time to begin to run, the requirement of Rule 8–202(a) is satisfied when the notice of appeal is "filed" within the thirty day period. In the instant matter the docket reflects that the order for appeal was "filed" on August 26, 1999, but it was not entered into the computerized docket until September 8, 1999.

submitted that final judgment had been entered on· July 15, and neither motion cited Rule 2–601(a).

The Byrums did not respond to the motions to dismiss. Accordingly, on October 13, 1999, the Court of Special Appeals dismissed the appeal by an order signed only by the Chief Judge.[4]

The Byrums, now acting through counsel, timely filed a motion to reconsider the dismissal of their appeal. The motion to reconsider did not cite to Rule 2–601(a), but it did attach copies of the docket entries and copies of the separate documents embodying the judgments entered on August 9 and August 16. Further, the motion, in part, made the following argument:

"7. It has been assumed here that the orders of court signed by [the trial judge] and sent to the Byrums by the clerk in August 1999 are 'judgments' within the meaning of Rule 1–202. The application of common sense would seem to dictate that the dates of entry of these judgments cannot precede the dates [the trial judge] signed those orders of court, since these written orders embodied his decisions, and Rule 8–202(f) should be construed to make that point clear." [5]

---

**4.** Rule 8–602(b) provides that "[t]he Chief Judge or a judge of the Court designated by the Chief Judge may rule on a motion to dismiss that is based on" certain reasons, including that "the notice of appeal was not filed with the lower court within the time prescribed by Rule 8–202." Rule 8–602(a)(3).

In this opinion, when describing the operation of Rule 8–602(b), we shall use "Chief Judge" to include a designated judge.

**5.** Rule 1–202(n) defines "judgment" to mean "any order of court final in its nature entered pursuant to these rules."

Rule 8–202, titled "Notice of Appeal—Times for Filing," in subsection (f) provides as follows:

" 'Entry' as used in this Rule occurs on the day when the clerk of the lower court first makes a record in writing of the judgment, notice, or order on the file jacket, on a docket within the file, or in a docket book, according to the practice of that court, and records the actual date of entry."

Harvey and the Hornings respectively answered the motion for reconsideration. Neither response cited Rule 2–601(a). In response to paragraph seven of the motion for reconsideration Harvey reasserted that final judgment was entered on July 15. The Hornings adopted the response filed by Harvey.

By an order dated December 3, 1999, but signed only by the Chief Judge, the Court of Special Appeals in terms denied the Byrums' motion for reconsideration. This order did not comply with Rule 8–602(c)(1) which in relevant part reads:

"If an appeal was dismissed by the ruling of an individual judge pursuant to section (b) of this Rule, the order dismissing the appeal, on motion filed within ten days after entry of the order, shall be reviewed by the number of judges of the Court required by law to decide an appeal. The order dismissing the appeal . . . shall be rescinded if a majority of those judges decides that the motion to dismiss should not have been granted."

Thereafter the Byrums petitioned this Court for a writ of certiorari, contending that the Court of Special Appeals had erroneously denied their request for reconsideration of the dismissal of their appeal. The first basis for reversal advanced by the Byrums was that

"[t]he docket entries that were made on July 15, 1999 . . . did not satisfy the requirements set by Rule 2–601 for entry of judgment, and therefore the date of July 15, 1999 cannot be used against the Byrums to justify dismissal of their appeal."

We granted the writ. In this Court the Byrums submit that it was not until August that the separate document, signing, and mailing requirements of Rule 2–601(a) and (c) were satisfied.

Here, the Hornings argue that the docket entries of July 15, memorializing the court's rulings of that date, constitute the separate document and satisfy Rule 2–601(a). This argument renders the amendment of October 1, 1997, to Rule 2–601(a) a nullity. The argument reads out of the rule the express requirement for a separate document that is signed.

■ Harvey, recognizing that the 1997 amendment to Rule 2–601(a) has its origins in Fed.R.Civ.P. 58, cites us to *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam), for the proposition that the separate document requirement may be waived by the parties. Harvey contends that the failure of the Byrums to appear at trial or to answer the motion to dismiss is a waiver. In *Bankers Trust* the Court approved the Second Circuit's having permitted an appeal to proceed, despite the lack of a separate document judgment, where all of the parties had considered that a judgment had been entered, and where no party was misled or prejudiced by the omission. *Id.* at 387–88, 98 S.Ct. at 1121, 55 L.Ed.2d at 363. Further, dismissal, followed by the district court's entry of the separate judgment from which an appeal then would lie, simply would have caused wheels to "spin for no practical purpose." *Id.* at 385, 98 S.Ct. at 1120, 55 L.Ed.2d at 362.

We need not decide in the instant matter whether *Bankers Trust* has any application under Maryland Rule 2–601, *cf.* Rule 8–602(d), discussed in note 1, *supra,* inasmuch as *Bankers Trust* is distinguishable from the case at hand. *Bankers Trust* applied what Harvey calls "waiver" in order to preserve the appeal. Here, Harvey argues waiver in an effort to eliminate the requirement of a separate document and thereby to defeat the appeal by having the docket entries of July 15 serve as the entry of judgment. With respect to circumstances analogous to those before us, the Court in *Bankers Trust* expressly reaffirmed the rule of *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam), according to which "the separate-document rule must be 'mechanically applied' in determining whether an appeal is timely." *Bankers Trust,* 435 U.S. at 386, 98 S.Ct. at 1120, 55 L.Ed.2d at 362. Mechanical application of the separate document rule makes the Byrums' appeal timely.

■ Harvey's principal contention rests on a construction of Rule 8–202(f) which in relevant part provides:

" 'Entry' as used in this Rule occurs on the day when the clerk of the lower court first makes a record in writing of the judgment . . . in a docket book . . . and records the actual date of the entry."

Harvey asserts that inasmuch as Rule 8–202 sets forth the times for filing a notice of appeal under varying circumstances, subsection (f) of that rule should determine the time of "entry" for purposes of appeal, and not Rule 2–601. There is no conflict between Rule 8–202(f) and Rule 2–601(a). The former does not address whether or not a separate document is required, and its silence on that subject is not to be construed as permission for a judgment to take the form only of a docket entry, such as those of July 15 in the instant matter. The effect of Rule 2–601(a) has been to convert the official form of a judgment from a docket entry to a separate document. It is the entry of that separate document on the docket which constitutes the entry of the judgment under both rules, and it is the date of that entry which commences the running of the time for noting an appeal.

For the foregoing reasons we reverse the denial by the Court of Special Appeals of the Byrums' motion for reconsideration. By analogy to appellate review of trial court denials of motions for reconsideration, our standard for review is whether the Court of Special Appeals abused its discretion in denying the motion. *See Falcinelli v. Cardascia,* 339 Md. 414, 430, 663 A.2d 1256, 1264 (1995). Here, although the motion for reconsideration was not considered by three judges of the Court of Special Appeals, there is no purpose in remanding solely to have three judges of the Court of Special Appeals reconsider the dismissal. Inasmuch as the Byrums clearly filed their notice of appeal in a timely manner, there is no discretion to be exercised on a remand. Consequently, we reverse with directions to proceed with the appeal.

Because the Byrums included in their brief in this Court arguments on the merits that were not embraced in the grant of certiorari, we shall apportion the costs.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND COSTS TO DATE IN THE COURT OF SPECIAL APPEALS TO BE PAID ONE–THIRD BY THE RESPONDENTS, RODNEY C. AND BARBARA L. HORNING, ONE–THIRD BY THE RESPONDENT, JACK W. HARVEY, AND ONE–THIRD BY THE PETITIONERS, BARNEY L. AND ELIZABETH BYRUM. COSTS TO BE INCURRED IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.