SLIP OPINION

Cite as 2017 Ark. 56

# SUPREME COURT OF ARKANSAS.

No. CR–16–611

|  |  |  |
|---|---|---|
| JASON N. WATSON | | **Opinion Delivered** February 23, 2017 |
| | APPELLANT | |
| V. | | PRO SE MOTION TO INCLUDE EVIDENCE OF MENTAL HEALTH ISSUES IN RECORD LODGED ON APPEAL |
| STATE OF ARKANSAS | | [HOWARD COUNTY CIRCUIT COURT [NO. 31CR-04-85] |
| | APPELLEE | |
| | | <u>APPEAL DISMISSED; MOTION MOOT.</u> |

**PER CURIAM**

In 2005, appellant Jason N. Watson entered a plea of guilty to capital murder and was sentenced to life imprisonment without parole. On January 25, 2016, Watson filed in the trial court a pro se petition for writ of error coram nobis. The trial court held a hearing on the petition and denied it. Watson lodged an appeal from the order, and now before us is his motion to supplement the record with additional evidence that was not included in the coram nobis petition that the trial court considered.

We dismiss the appeal as it is clear from the record that Watson could not prevail if the proceeding went forward. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to proceed when it is clear that the appellant could not prevail. *Millsap v. State*, 2014 Ark. 493, at 2, 449 S.W.3d 701, 703, *cert. denied*, 135 S. Ct. 2054, *reh'g denied*, 136 S. Ct. 10 (2015). As the appeal is dismissed, the motion to supplement the record is moot.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7. There is no abuse of discretion in the denial of error coral nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a

SLIP OPINION

strong presumption that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d at 854.

In his petition, Watson raised the following grounds for issuance of the writ: (1) he was mentally incompetent when he entered his negotiated plea of guilty; (2) he was coerced and threatened into entering the plea of guilty; (3) he did not knowingly and voluntarily waive his right to stand trial. Interspersed throughout the arguments were multiple assertions that the evidence was not sufficient to establish his guilt.

First, we have repeatedly held that a challenge to the sufficiency of the evidence is not cognizable in coram nobis proceedings. *Wallace v. State*, 2016 Ark. 400, 503 S.W.3d 754 (per curiam). Moreover, by pleading guilty, Watson waived any claim that he was not guilty of the charges. *Sherman v. State*, 2014 Ark. 474, at 4, 448 S.W.3d 704, 709 (per curiam).

With respect to Watson's claim that a writ of error coram nobis should be issued on the ground that he did not voluntarily enter his plea, any claim that a guilty plea was not entered intelligently and voluntarily is properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016), not in a petition for writ of error coram nobis. *E.g.*, *Nelson*, 2014 Ark. 91, at 5–6, 431 S.W.3d at 856 ("[W]e have been clear that error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable."); *see also White v. State*, 2015 Ark. 151, at 4, 460 S.W.3d 285, 288 (per curiam).

The claims raised by Watson in his petition that were within the purview of the writ were the allegations that he was incompetent when he entered the plea and that the plea

was coerced.  As support for the allegations, Watson appended to his petition the transcript of a part of the fitness-to-proceed hearing that was held before he entered the plea.  He alleged that the answers given by the doctor who conducted his mental evaluation on cross-examination by his counsel revealed that the doctor's finding of competence was questionable.  He also appended the transcript of a document labeled "State v. Jason Watson; Foster Family Phone Interviews" and a document labeled "State v. Jason Watson; Mitigation Table."  Both documents contain information about Watson's life before he committed the offense of which he was convicted.  Watson states that the documents attached to his petition were intended as support for the claims in the petition.

As to Watson's claim that his plea was coerced, the allegation was not sufficient to warrant issuance of the writ because the allegation did not rise to the level of coercion, which is defined as "compulsion of a free agent by physical, moral, or economic force or threat of physical force."  *Black's Law Dictionary* 315 (10th ed. 2014); *see White*, 2015 Ark. 151, at 5, 460 S.W.3d at 288.  Watson's allegations were founded primarily on his statements that he was not mentally competent to enter the plea rather than any claims of force or threats of physical force.  The coercion he claimed arose from his counsel advising him that he would get the death penalty if he went to trial.  However, we have held that the mere fact that a petitioner's trial counsel informed him that he could receive a more severe penalty if he went to trial, and thus the petitioner felt pressure to plead guilty by the fear of a more severe sentence, is not coercion.  *Nelson*, 2014 Ark. 91, at 4, 431 S.W.3d at 855.

Watson's claim, raised in his petition and repeated at the hearing on his petition, that he was not competent at the time he entered his plea also failed to establish that the writ

SLIP OPINION

should issue because the claim was not supported with sufficient facts to substantiate the allegation. He again contended that the doctor who conducted the mental evaluation before he entered his plea was not thorough enough in his examination and that the doctor's findings did not take into account all the evidence that showed Watson was incompetent, including Watson's history of mental-health problems. He again relied on the doctor's testimony at the fitness-for-trial proceeding to substantiate the claim that the doctor's evaluation was lacking. He suggests that the documents attached to the petition demonstrate that the doctor who performed the pretrial mental evaluation should have considered information that could have been obtained from sources other than those the doctor consulted.

The burden is entirely on the petitioner who claims a history of mental defect or illness to overcome the strong presumption that the judgment was valid. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). When a petitioner alleges insanity at the time of trial, he must present facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that the defendant was incompetent to proceed. The application for coram nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Millsap*, 2014 Ark. 493, 449 S.W.3d 701. The petitioner's mere statement that he suffered from mental problems from a young age does not demonstrate incompetence at the time of trial. *Noble*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344. The information that Watson relied on in his petition and at the hearing would have, or could have, been known to him at the time he entered the plea. Again, the burden was on Watson to demonstrate

that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was incompetent to proceed. *Davis v. State*, 2016 Ark. 296, at 5, 498 S.W.3d 279, 282 (per curiam). Watson did not make that showing.

To the degree that any allegation raised by Watson, while couched as a claim for issuance of the writ, was actually an allegation of ineffective assistance of counsel, he did not state a ground for the writ. It is well settled that claims of ineffective assistance of counsel are properly raised under Rule 37.1 and not in a coram nobis proceeding. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.

It should also be noted that Watson waited approximately ten years before filing his petition for writ of error coram nobis. Although there is no specific time limit for seeking the writ, due diligence is required in making an application for relief. *McClure v. State*, 2013 Ark. 306 (per curiam). In the absence of a valid excuse for delay, the petition will be denied. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the petitioner be unaware of the fact at issue at the time of the trial; (2) the petitioner could not have, in the exercise of due diligence, presented the fact at trial; and (3) the petitioner, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Wright v. State*, 2014 Ark. 25 (per curiam); *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam). Here, Watson did not establish that he had exercised due diligence in bringing forth his claims, and his petition would have been subject to denial by the trial court on that basis. *Philyaw v. State*, 2014 Ark. 130, at 6–7 (per curiam).



Appeal dismissed; motion moot.