J-S38006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLEN WIETHERS | : | |
| | : | |
| Appellant | : | No. 667 WDA 2020 |

Appeal from the PCRA Order Entered June 5, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at No(s):
CP-02-CR-0008678-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLEN WEITHERS | : | |
| | : | |
| Appellant | : | No. 668 WDA 2020 |

Appeal from the PCRA Order Entered June 5, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at No(s):
CP-02-CR-0010644-2015

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED: FEBRUARY 8, 2022**

Appellant, Glen Weithers, a.k.a. Glen Wiethers, appeals from the order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The facts underlying Appellant's convictions in the cases listed at CP-02-CR-0008678-2015 ("8678-15") and CP-02-CR-0010644-2015 ("10644-15") are not germane to this appeal. At 8678-15, the Commonwealth charged Appellant with two counts of driving under the influence of alcohol ("DUI"), and one count of driving impaired with a DUI-suspended license. At 10644-15, the Commonwealth charged Appellant with one count each of patronizing prostitutes, solicitation–patronizing prostitutes, possession of a controlled substance, and driving with a DUI-suspended license. On March 29, 2016, Appellant entered a guilty plea in both cases. On that same day, the trial court sentenced him to an aggregate term of 6 months' intermediate punishment and a concurrent term of 3 years' probation.[1] Appellant did not file a direct appeal. Subsequently, according to Appellant, "the federal government began removal proceedings against [Appellant] due to criminal convictions that included the cases in this matter in January 2019[,]" and the "removal was affirmed in January 2020." Appellant's Brief at 8.

Appellant filed a *pro se* PCRA petition at 10644-15 on October 8, 2019. After obtaining current counsel, Appellant filed a motion for special relief

---

[1] We note that, absent a violation of his probation, Appellant was set to complete his sentence by April of 2019. However, Appellant concedes that he completed his sentence at 10644-2015 on September 25, 2017, and that the trial court terminated his probation in the case at 8678-2015 on October 2, 2018. Appellant's Brief at 8.

docketed under both 10644-15 and 8678-15, acknowledging that he had completed his sentence(s) at those docket numbers, but nevertheless seeking "*habeas corpus* or *coram nobis* relief." **Id.** at 9. The PCRA court issued an order denying relief on June 5, 2020.

Appellant filed timely notices of appeal from that order in both cases 8678-15 and 10644-15, which this Court docketed at 667 WDA 2020 and 668 WDA 2020, respectively. By order dated August 21, 2020, this Court *sua sponte* consolidated these appeals as captioned above.

Appellant now presents the following question for our review:

1. Does the Pennsylvania [PCRA] violate the United States Constitution's due process and equal protection provisions as applied to petitioners who have completed their sentences but would otherwise be eligible for PCRA relief:

a. Specifically: Through the Ninth Amendment, does the United States Constitution's protections of the rights to due process and equal protection include the right to open courts, the right to a remedy in court, *habeas corpus* relief, and *coram nobis* relief?

**Id.** at 6.

Essentially, Appellant argues that his trial counsel provided ineffective assistance of counsel ("IAC") by failing to advise him of the immigration consequences of his plea,[2] in that "two of the counts to which he pleaded are

---

[2] In **Padilla v. Kentucky**, 559 U.S. 356, 374 (2010), the Supreme Court held that the Sixth Amendment's right to the effective assistance of counsel requires counsel to "inform her client whether [a guilty] plea carries a risk of deportation."

considered crimes of moral turpitude and removable under federal law." Appellant's Brief at 11 n.1. The PCRA court determined that it lacked jurisdiction to entertain Appellant's IAC claim under the PCRA statute because Appellant's sentence had expired, and the PCRA "limits relief to those serving a sentence." PCRA Court Opinion, 6/22/21, at 4.[3]

Appellant concedes that he is not entitled to relief under the PCRA, acknowledging that "post-conviction relief is limited to people who are currently serving a sentence of incarceration, probation, or parole, or are challenging their completed sentence based on DNA evidence." Appellant's Brief at 12; *see id.* (stating "the PCRA offers a remedy for petitioners who are still serving a sentence, those who have completed their sentences are statutorily barred from a judicial remedy"); *and see* 42 Pa.C.S. § 9543(a)(1)(i)-(iv) (limiting PCRA relief to parties who have not completed their sentence, except for those who seek relief based on DNA evidence

---

[3] We also note that Appellant's PCRA petition was untimely, as it was not filed "within one year of the date the judgment of sentence becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Appellant appears to assert that his petition's untimeliness would have been excused pursuant to Section 9545(b)(1)(ii) as a newly-discovered fact. *See* Appellant's Brief at 12. However, the PCRA court did not reach this question, and instead dismissed Appellant's PCRA petition solely based on his completion of the underlying sentence. Because Appellant contends that he is entitled to relief outside the auspices of the PCRA, we need not address this other procedural hurdle that potentially bars consideration of the merits of his IAC claim under the PCRA.

obtained under Section 9543.1(d)). Appellant further recognizes that "[o]ur courts have consistently concluded that all claims that are cognizable under the PCRA must be raised as such. Further, the language of the act states the legislature's intent to replace *habeas corpus* and *coram nobis* relief with PCRA actions." Appellant's Brief at 12; **see also** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."). Indeed, Appellant further concedes that, in **Commonwealth v. Descardes**, 136 A.3d 493 (Pa. 2015), "the Pennsylvania Supreme Court concluded that claims like [Appellant]'s are cognizable under the PCRA and that defendants who have completed their sentences are not eligible for PCRA relief." Appellant's Brief at 13.

Nevertheless, Appellant contends that the Ninth Amendment to the United States Constitution might "prohibit the limitations the PCRA has placed on the right to *coram nobis* relief[,]" although Appellant admits that "this Court has not issued an opinion addressing the question." **Id.** Appellant further argues that:

> Historically, *coram nobis* was an avenue of relief for individuals who had completed their sentences but still sought relief from the consequences of their conviction. **Commonwealth v. Sheehan**, [285 A.2d 465] (Pa. 1971). In fact, *coram nobis* still survives to offer post-sentence completion relief to individuals in federal court and Maryland. **United States v. Johnson**, 237 F. 3d 751 (6th Cir. 2001); 28 U.S.C. § 1651(a); **State v. Rich**, 454 Md. 448, 461 (Md. 2017). Thus, the right to a post-sentence completion remedy should rightfully be acknowledged as one of

the unenumerated rights retained by the people and protected by the Fourteenth Amendment's due process provisions as applied to the states. U.S. Const., amend. XIV ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.")[.]

It may be argued that individuals who have completed their sentences have the option of pursuing a governor's pardon and that remedy is sufficient to serve the function *coram nobis* formerly fulfilled. Pa. Const., art. IV, § 9. It should be noted that the function of the governor's pardon is that of an act of mercy and not part of the right to a judicial remedy to reverse a conviction or otherwise review the validity of a conviction.

Appellant's Brief at 14-15.

Although Appellant posits a theoretical basis for providing relief outside the PCRA, the historical remedy provided by a writ of *coram nobis* has been subsumed into the PCRA, as explicitly stated in Section 9542. Thus, Appellant is essentially challenging the constitutionality of the PCRA statute's replacement of the *coram nobis* remedy.

When faced with any constitutional challenge to legislation, we proceed to our task by presuming constitutionality in part because there exists a judicial presumption that our sister branches take seriously their constitutional oaths. Indeed, a legislative enactment will not be deemed unconstitutional unless it clearly, palpably, and plainly violates the Constitution. "Any doubts are to be resolved in favor of a finding of constitutionality." ***Payne v. Dept. of Corrections***, … 871 A.2d 795, 800 ([Pa.] 2005). Accordingly, a party challenging the constitutionality of a statute bears a very heavy burden of persuasion.

***Stilp v. Commonwealth***, 905 A.2d 918, 938–39 (Pa. 2006) (some citations omitted).

Appellant has simply failed to meet his heavy burden of persuasion that the PCRA's subsummation of the historical right of *coram nobis* is unconstitutional. Appellant does not cite any persuasive, much less controlling, legal authority suggesting the unconstitutionality of the PCRA on this basis.

To the contrary, our Supreme Court has held that "[t]he plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act" and that no "other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001). Furthermore, the Court noted that it had "repeatedly and uniformly given effect to this plain language contained in the PCRA." **Id.**

Later, in **Descardes**, our Supreme Court rejected a similar claim. In that case, the Superior Court initially held that *coram nobis* relief was available where the petitioner's PCRA petition was untimely without exception, despite having a potentially meritorious claim based on **Padilla**, which had been decided after Descardes was able to file a timely PCRA petition. **See Commonwealth v. Descardes**, 101 A.3d 105, 109 (Pa. Super. 2014), *vacated*, 136 A.3d 493 (Pa. 2016). The Superior Court found that

because Descardes's specific ineffective assistance of counsel claim was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him. Descardes is no longer in custody, thus the PCRA provides no relief, but he continues to suffer the serious consequences of his deportation because of his state conviction. The trial court should have addressed his petition for a writ of *coram nobis*, not under the PCRA, but as a *coram nobis* petition.

*Id.*

Our Supreme Court reversed, stating that

the Superior Court's decision in the instant case is contrary to the decisions of this Court which hold that, where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. As a result, [Descardes's] PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition.

*Descardes*, 136 A.3d at 503.

While the **Descardes** Court did not specifically address the issue as a challenge to the PCRA's constitutionality under the Ninth Amendment, the Court clearly rejected the logic underlying such a claim, and expressed no reservations as to the power of the legislature to subsume the historical remedy of *coram nobis* into the PCRA despite the PCRA's timeliness and sentence-serving procedural hurdles. Furthermore, as conceded by Appellant, "Ninth Amendment case law has suggested that the amendment **is not an independent source of substantive rights**[.]" Appellant's Brief at 13 (emphasis added).

For these reasons, Appellant has not met his high burden of demonstrating the unconstitutionality of the PCRA based on its

- 8 -

subsummation of the writ of *coram nobis*.[4]  Accordingly, we conclude that the PCRA court did not err in determining that it lacked jurisdiction to entertain Appellant's IAC claim.

Order ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/8/2022

---

[4] We note that Appellant did not develop an independent argument with respect to his claim that his petition should have been heard as a writ of *habeas corpus*.  In a footnote, Appellant acknowledges that, "where a sentence has been completed, the appropriate remedy had historically been a writ of *coram nobis*.  However, in some cases, some actions were styled as requests for *habeas corpus* relief."  Appellant's Brief at 12 n.2.  He then states that, "[g]oing forward, for the sake of clarity and brevity, Counsel will refer to *coram nobis* relief exclusively, but does not intend to abandon any parallel claim for *habeas corpus* relief."  ***Id.***  To the extent that Appellant presents an **identical** argument for *habeas corpus* relief, we reject such a claim for the reasons set forth, *supra*.  However, to the extent that Appellant attempts to raise claim for *habeas corpus* relief on any other basis, any such claim has been waived for lack of development.